# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **TAMARA JEAN PEACE, as Administrator of the Estate of Donald Ray Peace,** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )    **Case No.: 4:18-cv-00041-ACA** |
| **KEITH ROCK, et al.,** | )<br>)<br>) |
| Defendants. | ) |

---

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **COLUMBIA INSURANCE COMPANY,** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )    **Case No.: 2:18-cv-00302-ACA** |
| **ROCK TRANSPORTATION, LLC, et al.,** | )<br>)<br>)<br>) |
| Defendants. | ) |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | | |
|---|---|---|
| PROGRESSIVE NORTHERN<br>INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>TAMARA JEAN PEACE, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 1:18-cv-00333-ACA |

## MEMORANDUM OPINION
## AND ORDER TO SHOW CAUSE

This matter comes before the court on Plaintiff Columbia Insurance Company's ("Columbia") Motion for Default Declaratory Judgment Against Certain Defendants. (Doc. 24). Columbia's complaint named Rock Transportation LLC; Rock Trans. LLC, d/b/a Rock Transportation LLC ("Rock Trans."); Rock Trans, LLC, d/b/a Rock Transportation LLC ("Rock Trans"); Keith Rock; RDW Transport, LLC; Berkley Scrap Metal; William R. Moorer, III d/b/a Berkley Scrap Metal and/or Berkeley Scrap Metal; and Tamara Jean Peace; and it sought a declaratory judgment that it owed no party any duty to defend or indemnify under

its commercial insurance policy with Rock Transportation LLC.[1] (Doc. 1 at 2, 7–12).

The Clerk entered default against all of the defendants except Ms. Peace. (Doc. 23). Columbia then moved under Federal Rule of Civil Procedure 55 for a default judgment against those defendants who had defaulted. (Doc. 24). Because Columbia's well-pleaded allegations and the evidence support its claim for declaratory judgment, the court **WILL GRANT** the motion for default judgment and **WILL ENTER DEFAULT DECLARATORY JUDGMENT** in favor of Columbia and against Rock Transportation, Rock Trans., Rock Trans, Mr. Rock, RDW Transport, Berkley Scrap Metal, and Mr. Moorer.

## I. BACKGROUND

A defaulting defendant "admits the plaintiff's well-pleaded allegations of fact" for purposes of liability. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quotation marks omitted)). Accordingly, the court takes as true the well-pleaded allegations of Columbia's complaint.

---

[1] The court has diversity jurisdiction under 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy is more than $75,000. The plaintiff, Columbia, is a citizen of Nebraska. (Doc. 29 at 2); 28 U.S.C. § 1332(c)(1). The defendants are citizens of South Carolina, Florida, and Alabama. (Doc. 29 at 2–3–8). And the underlying state court case seeks damages for wrongful death, so the court uses its "judicial experience and common sense" to determine that the amount in controversy is satisfied. (Doc. 24-2 at 11–17); *see, e.g.*, *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1065 (11th Cir. 2010).

3

A. The Insurance Policy

Columbia issued a commercial auto insurance policy with a cross-reference number of 71 APS 070989 to Defendant Rock Transportation. (Doc. 24-1 at 9). The policy provided coverage for a 1988 Peterbilt tractor from February 24, 2017 to February 24, 2018. (*Id.*).

The policy provides that Columbia "will pay all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies, caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto.'" (*Id.* at 13). The policy further provides that Columbia has "the right and duty to defend any 'insured' against a 'suit' asking for such damages." (*Id.*). But the policy also includes exclusions. One endorsement titled "Truckers – Insurance for Non-Trucking Use" provides, among other exclusions:

> This insurance does not apply while the power unit (tractor) is used for the towing or transporting of any **trailer** or semi-trailer, or while in the process of having a **trailer** or semi-trailer attached to or detached from it, unless such **trailer** or semi-trailer is owned by **you** and specifically described in the policy at time of loss.

(Doc. 24-1 at 38) (emphases in original). The only vehicle identified in the policy is the 1988 Peterbilt tractor. (*Id.* at 9).

B.  The State Court Lawsuit

In November 2017, Ms. Peace filed a lawsuit in the Circuit Court of St. Clair County, Alabama, against, among others, Mr. Rock, RDW Transport, Rock Trans, and Berkeley Scrap Metal. (Doc. 24-2 at 2). She alleged that on May 23, 2017, while traveling in St. Clair County, Alabama, Donald Ray Peace and Mr. Rock were involved in a car accident that resulted in Mr. Peace's death. (*Id.* at 7–8). At the time of the accident, Mr. Rock was driving the 1988 Peterbuilt tractor covered under Columbia's insurance policy. (*Id.* at 8–9, 13; *see also* Doc. 24-1 at 9). He was towing a trailer. (Doc. 24-2 at 8–9, 13). Ms. Peace asserted various state law torts against Mr. Rock, RDW, Rock Trans, and Berkeley Scrap Metal. (*Id.* at 11–17).

C.  The Federal Lawsuit

In reaction to Ms. Peace's state court lawsuit, Columbia Insurance Company filed this federal lawsuit seeking a declaratory judgment that it has no obligation to defend or indemnify any party under its policy with Rock Transportation LLC. (Doc. 1). It timely served RDW Transport, Berkley Scrap Metal, Mr. Moorer, Mr. Rock, Rock Trans., Rock Trans, and Rock Transportation. (Docs. 7, 15, 17, 18). After those defendants failed to plead or otherwise defend the action, Columbia moved for entry of default against them, which the Clerk granted. (Docs. 22, 23). Columbia then moved for a default declaratory judgment. (Doc.

5

24). Ms. Peace, the only defendant who has appeared in this case, does not oppose the motion. (*Id.* at 1).

## II. DISCUSSION

Federal Rule of Civil Procedure 55 establishes a two-step procedure for obtaining a default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the Clerk of Court must enter the party's default. Fed. R. Civ. P. 55(a). Second, if the defendant is not an infant or an incompetent person, the court may enter a default judgment against the defendant as long as the well-pleaded allegations in the complaint state a claim for relief. Fed. R. Civ. P. 55(b); *Nishimatsu Contr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[2]

Here, the Clerk has already entered default against Berkley Scrap Metal, Mr. Moorer, RDW Transport, Mr. Rock, Rock Trans, Rock Trans., and Rock Transportation, so the court must determine whether the well-pleaded factual allegations support Columbia's request for a declaratory judgment.

Columbia argues that four exclusions set out in the "Truckers – Insurance for Non-Trucking Use" endorsement apply in this case. (Doc. 24 at 10–11). But the court will address only one of those exclusions because, although the Peterbuilt

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

tractor involved in the accident is covered under the policy, that exclusion clearly supports Columbia's request for a declaratory judgment.

The endorsement provides that "[t]his insurance does not apply while the power unit (tractor) is used for the towing or transporting of any trailer or semi-trailer . . . *unless* such trailer or semi-trailer is owned by **you** and *specifically described in the policy* at the time of loss." The policy does not describe a trailer, so any use of a trailer triggers the exclusion. (*See* Doc. 24-1 at 11) (some emphases removed; bold emphasis in original; italics emphases added). In her state court complaint, Ms. Peace alleged that Mr. Rock was driving the 1988 Peterbuilt tractor and towing a trailer when he was in the accident with Mr. Peace. (Doc. 24-2 at 7–8, 13). Accordingly, it is clear that the exclusion relieves Columbia of any duty to defend under the policy. The court **WILL GRANT** Columbia's motion for a default declaratory judgment and **WILL ENTER DEFAULT DECLARATORY JUDGMENT** that it owes no duty to defend any party under Policy 71 APS 070989 in relation to Ms. Peace's underlying lawsuit.

And because the court has determined that Columbia has no duty to defend any of the defendants, the court must also enter a default declaratory judgment in its favor as to the duty to indemnify. *See Trailer Bridge, Inc. v. Illinois Nat'l Ins. Co.*, 657 F.3d 1135, 1146 (11th Cir.2011) ("[A] court's determination that the insurer has no duty to defend requires a finding that there is no duty to indemnify.").

Accordingly, the court **WILL GRANT** the motion for a default declaratory judgment and **WILL ENTER DEFAULT DECLARATORY JUDGMENT** that Columbia owes no duty to indemnify any party under Policy 71 APS 070989 in relation to Ms. Peace's underlying lawsuit.

### III. CONCLUSION

The court **WILL GRANT** Columbia's motion for a default declaratory judgment, and **WILL ENTER DEFAULT DECLARATORY JUDGMENT** that Columbia owes no duty to defend or indemnify Rock Transportation, Rock Trans., Rock Trans, Mr. Rock, RDW Transport, Berkley Scrap Metal, and Mr. Moorer under Policy 71 APS 070989 in relation to Ms. Peace's underlying lawsuit in state court. The court will enter a separate order consistent with this opinion.

Because one defendant, Ms. Peace, remains in this case, the court **DIRECTS** Columbia to notify the court **on or before October 10, 2018**, whether it intends to pursue the case against Ms. Peace. If the court has not received a response by that date, the court will dismiss Ms. Peace and close the case.

**DONE** and **ORDERED** this October 4, 2018.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE